UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Eastern District of Kentucky
**F I L E D**

MAR 1 4 2016

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

Civil Action No. 14-181

DIANE NESBITT,                                                   PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final

decision of the Defendant denying Plaintiff's application for supplemental security income

benefits. The Court having reviewed the record in this case and the dispositive motions filed by

the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that

the decision of the Administrative Law Judge is supported by substantial evidence and should be

affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for benefits on August 31, 2007, alleging disability

beginning on October 31, 1997 due to "muscle disease, fibromyalgia, depression, chronic fatigue

syndrome, restless leg syndrome [and] rheumatoid arthritis" (Tr. 139). This application was

denied initially and on reconsideration. Plaintiff pursued and exhausted her administrative

remedies and sought review in District Court. The Honorable G. Wix Unthank remanded the

case for further consideration of the medical evidence.

On remand, Administrative Law Judge Samuel Rodner (hereinafter "ALJ"), convened

three separate hearings, wherein Plaintiff, accompanied by counsel, testified.  At the hearing,

Janet Chapman, a vocational expert (hereinafter "VE"), and Hadden Alexander, a medical expert,

also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must
be severe before he can be found to be disabled based upon the requirements in 20 C.F.R.
§ 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe
impairment (or impairments) that has lasted or is expected to last for a continuous period
of at least twelve months, and his impairments (or impairments) meets or medically
equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the
claimant is disabled without further inquiry.

Step 4:  If the claimant's impairment (or impairments) does not prevent him from doing
his past relevant work, he is not disabled.

Step 5:  Even if the claimant's impairment or impairments prevent him from performing
his past relevant work, if other work exists in significant numbers in the national
economy that accommodates his residual functional capacity and vocational factors, he is
not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 340-353).  Plaintiff

was 41 years old at the time of her application.  She has a an 11th grade education.  She has no

past relevant work, within the meaning of the Regulations.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in

substantial gainful activity since the date of her application of benefits (Tr. 342).

The ALJ then determined, at Step 2, that Plaintiff suffers from fibromyalgia and chronic

2

pain, bilateral carpal tunnel syndrome, degenerative disc disease of the cervical and lumbar spines and osteoarthritis of the left shoulder and left hand, which he found to be "severe" within the meaning of the Regulations (Tr. 343-345).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 345).

The ALJ further founds that she has the residual functional capacity ("RFC") to perform a reduced range of light work (Tr. 346). Specifically, the ALJ found that Plaintiff could perform work that involved lifting and carrying 20 pounds occasionally and 10 pounds frequently; frequently handling with her left arm; occasionally crouching, kneeling, and crawling; never climbing ladders, ropes, or scaffolds; and avoiding all exposure to unprotected heights (Tr. 346).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 14 and 16] and this matter is ripe for decision.

## II. ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a

3

whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.     Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly consider the opinions of her treating physician, Nancy Slattery, M.D. and (2) the ALJ improperly evaluated her credibility.

### C.     Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly consider the opinions of her treating physician, Nancy Slattery, M.D.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive

4

great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

Dr. Slattery completed two opinions regarding Plaintiff's work-related limitations and abilities. In October 2007, Dr. Slattery opined that Plaintiff could sit for a couple hours at a time (before becoming stiff); stand for five minutes at a time; walk two to three blocks at a time; lift five pounds; carry a gallon of milk; handle with some manageable pain; and travel an hour at a time, and added that stress worsened Plaintiff's physical symptoms (Tr. 187).

Subsequently, in September 2009, Dr. Slattery opined that Plaintiff could walk for two blocks at a time and stand for 15 minutes at a time for a total time standing and walking of two hours per day; sit for 20 minutes at a time for a total of four hours per day; needed to walk around every 20 minutes for three minutes each time; needed to shift positions at will; needed unscheduled breaks for 15 minutes; needed to lie down during day and elevate her legs; could lift less than 10 pounds occasionally and never more; should rarely twist and climb stairs; should never stoop, crouch, or climb ladders; could occasionally turn her head; and was significantly limited in her ability to repetitively reach, handle, and finger (Tr. 320-24). Dr. Slattery added that Plaintiff would have good and bad days; would miss more than four days of work per month; was incapable of even low stress jobs; and that numerous factors (such as weather changes and stress) precipitated Plaintiff's pain, which would frequently interfere with her attention and concentration (Tr. 320-21).

Additionally, in a March 2008 treatment note, Dr. Slattery stated that Plaintiff had a "limited ability" to work, "probably < 15 hours/week" (Tr. 262).

The ALJ discounted these opinions, noting that the second opinion, dated nearly two years after the first, indicated that Plaintiff was significantly more restricted in her ability to perform work related activities than she was at the time of the first assessment. However, Dr.

5

Slattery's treatment notes not reveal a worsening in Plaintiff's condition in the intervening two years. To the contrary, Dr. Slattery's examination findings were largely consistent during this time period, indicating some stiffness and limited range of motion but normal gait and posture and negative straight leg raise tests (indicating no nerve root impingement) (*see, e.g.*, Tr. 244-45, 252-53, 258-59, 262-63, 278-79, 273-74, 647-48). The unexplained and marked change in Dr. Slattery's opinion calls into question the reasonableness of her opinions.

In addition, as the ALJ noted, the limitations suggested by Dr. Slattery, particularly those contained in the 2009 opinion, are inconsistent with the other medical evidence in the record. No other opinion or diagnostic test revealed impairment beyond that contemplated the ALJ in the RFC.

Moreover, Dr. Slattery's finding of dire limitation is inconsistent with Plaintiff's own statements regarding her activities of daily living, which included taking her children to school, doing laundry and light cleaning, preparing meals for her family, driving, going to church, shopping for groceries, and attending luncheons periodically (Tr. 348, 349-50, *see* Tr. 147-54). The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

It is clear from the hearing decision, that the ALJ properly considered not only Dr. Slattery's opinions, but all the treatment, testimonial, and opinion evidence of record. The Court finds that the ALJ reasonably rejected Dr. Slattery's two differing opinions for a number of good reasons and the decision is supported by substantial evidence.

6

Plaintiff's second claim of error is that the ALJ improperly evaluated her credibility.

The responsibility for determining a claimant's residual functional capacity is reserved to the Commissioner. *See* 20 C.F.R. §§ 416.927(d)(2), 416.945. The ALJ considers numerous factors in constructing a claimant's residual functional capacity, including the medical evidence, the non-medical evidence, and the claimant's credibility. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) (unpublished). In making the residual functional capacity determination, the ALJ is required to resolve conflicts in the evidence and incorporate only those limitations that he finds credible. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234-1235 (6th Cir. 1993). Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

Here, the ALJ considered all of the evidence and found that, despite her history of fibromyalgia, left arm pain, and neck and back pain, Plaintiff's claims of disabling limitations were not supported by the record (Tr. 347-50). He noted that Plaintiff's claims of disabling back and neck pain were undermined by the objective tests of record, which showed "mild," "subtle," and "very subtle" cervical and lumbar changes and "minimal" and "mild" left shoulder changes (Tr. 347, *see* Tr. 248, 250, 309-12 (testing)). The ALJ also noted that Plaintiff admitted that she only infrequently wore a brace for her carpal tunnel syndrome, doctors never recommended surgery for her carpal tunnel syndrome (or back or neck pain), Plaintiff never had injections for her pain, and Plaintiff never participated in any physical therapy (Tr. 347, *see* Tr. 665-66 (testimony)). *See* 20

7

C.F.R. § 416.929(c)(3)(iv)-(v) (stating an ALJ must consider the type of treatment). Additionally, as discussed above,  the ALJ pointed out that Plaintiff's admitted activities of daily living – including taking her children to school, doing laundry and light cleaning, preparing meals for her family, driving, going to church, shopping for groceries, and attending luncheons periodically – were inconsistent with her claims that she could not perform any work.

Given the lack of objective evidence to support Plaintiff's allegations of disabling pain, the Court finds no error in the ALJ's credibility determination; rather, the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence on the record.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 14th day of March, 2016.



Signed By:
Henry R. Wilholt, Jr.
United States District Judge